EXHIBIT C



**David R. Posteraro | Partner**

Direct:216.736.7218 | drp@kjk.com

One Cleveland Center | 1375 East Ninth Street
29th Floor | Cleveland, Ohio 44114-1793

Main: 216.696.8700 | Toll-free: 888.696.8700 | Fax: 216.621.6536

October 29, 2018

**VIA EMAIL AND CERTIFIED MAIL [ebayusdeals@gmail.com]**

amazingusdeals
664 N. Michigan Avenue
Kenilworth, NJ 07033

**THIS LETTER CONTAINS A WRITTEN DEMAND THAT YOU CEASE CERTAIN UNLAWFUL ACTIVITIES. IF YOU DO NOT RESPOND TO THIS LETTER BY SIGNING AND RETURNING THE ENCLOSED MUTUAL SETTLEMENT, RELEASE AND WAIVER, A LAWSUIT _WILL BE FILED_ AGAINST YOU. IF YOU ARE REPRESENTED BY LEGAL COUNSEL YOU SHOULD IMMEDIATELY FORWARD THIS LETTER TO THAT REPRESENTATIVE.**

Re: The NOCO Company
Infringement of Intellectual Property and Other Rights

Dear Sir or Madam:

We are legal counsel to The NOCO Company ("**NOCO**"), a leading designer, manufacturer and seller of quality batteries and related products.

In business for over eighty years, NOCO is recognized by consumers as a leader in the quality battery products industry. NOCO has used the trade name NOCO and the trademark NOCO® to identify its high quality batteries and related products. NOCO's continuous, widespread advertisement, use and promotion of the NOCO Trademark has come to symbolize invaluable goodwill. In addition, NOCO is the owner of multiple registered trademarks employing the word NOCO including the registered trademarks NOCO®, NOCO GENIUS®, NOCO GENIUS BOOST®, and others in connection with the sale of its products in retail stores, on-line, and on its website at: http://www.noco.com (the "**Trademarks**").

In addition, NOCO has developed and publishes content, including photographic images, in connection with its sale of products that are protected under United States and international law (the "**Copyrighted Images**").

{K0697383.1}



KJK.COM       CLEVELAND + COLUMBUS


NOCO uses a network of authorized resellers to sell its products. NOCO only works with and sells to those resellers who, as authorized resellers, are permitted to use NOCO's Trademarks, Copyrighted Images, and other intellectual property in connection with the sale of NOCO products. These authorized resellers are contractually obligated to comply with NOCO policies and procedures including NOCO's resale policies. Moreover, only authorized resellers may extend the valuable consumer warranty protections offered by NOCO.

In addition, to protect consumers and authorized resellers, its valuable Trademarks, Copyrighted Images, intellectual property, brand reputation and goodwill, NOCO has implemented a Minimum Advertised Priced Policy (the "**MAP Policy**"). The MAP Policy can be found at https://no.co/map-policy. MAP Policy prices are enclosed and can be downloaded at https://no.co/x/MAP.

NOCO monitors both authorized resellers and unauthorized sellers for compliance with NOCO's policies, acceptable use of NOCO's Trademarks, Copyrighted Images, other intellectual property, and compliance with NOCO's warranty protections. This activity ensures that both authorized resellers and consumers are protected against unauthorized sales of NOCO products.

You are advertising NOCO products, infringing upon NOCO's Trademarks and Copyrighted Images, and in violation of the MAP Policy and NOCO's intellectual property and other rights. Evidence of that activity is set forth below:



**You are hereby advised immediately and forever to cease selling any and all NOCO products and to sign the attached Mutual Settlement, Release and Waiver. Failure to return the Mutual Settlement, Release and Waiver within seven (7) days of this letter will result in a lawsuit being filed against you.**



**IMPORTANT**

**If you wish to be allowed to sell NOCO products in the future, please be advised of the following:**

1. Your request to continue to sell NOCO products <u>must</u> be sent via email to noco@kjk.com or, if made in writing, sent to:

     NOCO Compliance Request
     c/o Kohrman Jackson & Krantz LLP
     1375 East Ninth Street
     One Cleveland Center
     29th Floor
     Cleveland, Ohio 44114
     Attn: NOCO Compliance Administrator

2. You must provide proof that you have made all NOCO products offered for sale MAP compliant on each and every platform on which you offer such products. Failure to do so will result in the denial of your request and is non-negotiable; and

3. You must agree to abide by MAP in the future and comply with all other NOCO policies applicable to resellers of NOCO brand products.

**THIS CORRESPONDENCE DOES NOT PURPORT TO BE A COMPLETE STATEMENT OF THE LAW, THE FACTS, OUR CLIENT'S RIGHTS OR POTENTIAL CLAIMS AND IS WITHOUT PREJUDICE TO THEIR LEGAL AND EQUITABLE RIGHTS, ALL OF WHICH ARE EXPRESSLY RESERVED.**

If you have any questions, please contact the undersigned or Sean Malone of our office at (216) 736-7237 or at spm@kjk.com.

Sincerely,

*David R. Posteraro*

David R. Posteraro

Enclosure

Copy:  Sean P. Malone



## MUTUAL SETTLEMENT, RELEASE AND WAIVER

**This Mutual Settlement, Release and Waiver (the "*AGREEMENT*") is expressly limited to and made conditional upon the exclusivity of these terms and conditions and may only be amended by the PARTIES' specific, written assent to the change.**

This AGREEMENT is effective as of the date indicated below by and among: (i) The NOCO Company ("*NOCO*"); and (ii) the individual or entity identified below, the individual executing this AGREEMENT on its behalf, and its and/or their respective owners, members, shareholders, directors, officers, employees, agents, successors, assigns, parents, subsidiaries, affiliates, and/or related entities (jointly and severally "*SELLER*").  NOCO and SELLER are collectively referred to as the "*PARTIES*" and individually as a "*PARTY*".

| | | | |
|---|---|---|---|
| Name (Exact Legal Name) | | Type of Entity (individual, corporation, etc.) | |
| Street Address | City | State | Zip Code |
| Telephone | | Fax Number | |
| Contact Name | | Email | |
| Business ID No. | Website Address | Effective Date | |

      **WHEREAS**, NOCO designs, manufactures, and sells products (the "*NOCO PRODUCTS*") under the NOCO®, NOCO GENIUS®, NOCO GENIUS BOOST®, ULRTRASAFE®, CHARGELIGHT®, XGRID®, BATTERY LIFE®, WICKED SMART®, STOP CORROSION®, and other registered and unregistered trademarks and natural extensions thereof, embodying substantial proprietary intellectual property, including patents, trademarks, copyrights, and trade secrets (the "*NOCO IP*");

      **WHEREAS**, NOCO alleges that SELLER, who is not an authorized reseller, has listed NOCO PRODUCTS for sale and infringed upon the NOCO IP; and

      **WHEREAS**, in exchange for SELLER's agreement to forever refrain from selling NOCO PRODUCTS, NOCO will not pursue legal action for SELLER's alleged infringement.

      **NOW**, **THEREFORE**, the PARTIES, for and in consideration of the mutual promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby agree as follows:

**1.**     **Non-Sale of NOCO Products.** SELLER agrees that it shall forever refrain from directly or indirectly selling any NOCO PRODUCTS or using any NOCO IP. If SELLER breaches this AGREEMENT, including by listing any NOCO PRODUCTS for sale on any website or other platform, including but not limited to Amazon.com, SELLER agrees that it shall reimburse NOCO for NOCO's costs to enforce this AGREEMENT, including, but not limited to, reasonable attorney fees and costs incurred.

**2.**     **Source of Supply.** Contemporaneously with the execution of this AGREEMENT, SELLER shall provide to NOCO the names and addresses of all of SELLER's sources of supply of any and all NOCO PRODUCTS sold, or offered for sale, by SELLER.

**3.**     **Mutual Release of All Claims**. In consideration of this AGREEMENT and the promises set forth above, NOCO and SELLER hereby acquit, release and forever discharge each other from, and waive any

and all claims, actions, causes of action, demands, rights, damages, costs, interest, punitive damages, exemplary damages, equitable relief, attorney fees, expenses and compensation that they, either jointly or severally, may now have for economic damage, infringement of intellectual property rights, breach of contract (written or otherwise), tortious interference with contract, negligence, and any other suits or claims for damages, whatsoever, at law or in equity, that any PARTY had, has, or possibly could have had with respect to the NOCO PRODUCTS and/or to SELLER'S sale of the NOCO PRODUCTS in any way, except for any claims arising as a result of a breach of this AGREEMENT.

**4. Applicability**. This AGREEMENT shall be binding on, and inure to the benefit of NOCO, SELLER, and their current and former owners, members, shareholders, directors, officers, employees, agents, successors, assigns, parents, subsidiaries, affiliates, and/or related entities.

**5. No Waiver**. The failure of NOCO to exercise any of its rights hereunder or grant extension of time for compliance shall not constitute a waiver of any default or any other right in that or any subsequent default.

**6. Ohio Law Governs**. The laws of the State of Ohio shall govern this AGREEMENT. The PARTIES agree that any action and/or lawsuit to construe the provisions of this AGREEMENT or to enforce the rights and obligations contained herein shall be filed in a court of competent jurisdiction in Cuyahoga County, Ohio, and the PARTIES waive any objections to such forum on the grounds of inconvenience or lack of personal jurisdiction.

**7. Entire Agreement**. This AGREEMENT embodies the entire agreement among the PARTIES with respect to the subject matter hereof and supersedes any and all prior agreements and understandings, oral or written, with respect thereof.

**8. Joint Preparation**. This AGREEMENT is deemed to have been prepared jointly by the PARTIES hereto and any uncertainty or ambiguity herein, if any, shall not be interpreted against a PARTY, but shall be interpreted according to the application of the rules of interpretation for arm's length agreements.

**9. Severability**. It is the intention of the PARTIES that the terms and provisions of this AGREEMENT be construed to be separable and severable. If any term or provision of this AGREEMENT shall be held void, invalid, unenforceable or in conflict with any applicable law, all of the other terms and provisions of this AGREEMENT shall remain valid and fully enforceable.

**10. Opportunity to Review and Authority to Execute**. By signing this AGREEMENT, the undersigned PARTIES acknowledge that they (i) have fully read this AGREEMENT; (i) understand all of its terms; (iii) have had the opportunity to consult with legal counsel; (iv) have the authority to execute the document on the principal's behalf; and (v) have executed this AGREEMENT voluntarily.

**11. Execution and Delivery**. This AGREEMENT may be executed in counterparts, and shall become effective when counterparts have been signed, it being understood that the PARTIES need not sign the same counterpart. For evidentiary purposes, faxed or electronically mailed counterparts of this AGREEMENT shall be deemed to be originals and digital signatures shall have the same force and effect as a signature in pen and ink.

**IN WITNESS WHEREOF,** the undersigned have executed this AGREEMENT as of the Effective Date.

| **THE NOCO COMPANY** | **"SELLER"** |
|---|---|
| By: _____<br>     Jonathan Nook, President | By: _____ |
| | Print: _____ |
| Date: _____ | Its: _____ |
| | Date: _____ |